# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILLIAM NEWTON, SR.,

              Petitioner,              Case Number: 06-CV-14778

v.                                           HON. DENISE PAGE HOOD

JAN E. TROMBLEY,

              Respondent.
_____/

## OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner William A. Newton, Sr., filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, challenges his convictions rendered in Kent County Circuit Court in two separate cases. First, he challenges his conviction for the murder of Thomas Angell. Second, he challenges his conviction for voluntary manslaughter in connection with the death of Sarah Newton.

Petitioner previously filed a habeas corpus petition challenging his conviction for the murder of Thomas Angell. That petition was denied on the merits. *See* Newton v. Johnson, No. 1:94-cv-815, "Judgment Approving Magistrate's Report and Recommendation" (W.D. Mich. May 15, 1996). The instant petition, therefore, is a mixed petition containing claims properly before the court and claims which the court may not consider without authorization by the Court

of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A).[1]  Therefore, the Court directed Petitioner to advise how he wished to proceed.  The Court directed Petitioner to advise the Court whether: (i) he wished to proceed with the petition in its current form, in which case, the Court would transfer the petition to the Sixth Circuit Court of Appeals so that Petitioner may seek authorization from the court of appeals for his "successive" claims; or (ii) he wished to amend his petition to delete the challenge to the murder conviction.

Petitioner has responded to the Court's Order and has chosen to proceed with the petition in its current form.  Petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a second or successive petition in this Court.  The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.


s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATE: October 31, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

---

[1] Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application"  28 U.S.C. § 2244(b)(3)(A).